IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Robert Alan Love,<br><br>Plaintiff,<br><br>vs.<br><br>Town of Jamestown, Lee D. Zakis, April M. Zakis, Roy P. Pipkin, Jennifer L. Flowers, Bryan Dupree, Berkeley County, Horry County,<br><br>Defendants. | C/A No. 2:26-cv-02492-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

## PROCEDURAL HISTORY

The plaintiff's complaint was entered on the docket on June 24, 2026, along with a motion for a temporary restraining order ("TRO") and preliminary injunction (docs. 1; 4). On July 7, 2026, the undersigned issued an order informing the plaintiff that the motion for a TRO and preliminary injunction would be reviewed once the plaintiff submitted a proper complaint (doc. 6). On August 3, 2026, the undersigned issued an order informing the plaintiff that his case was not in proper form for service and instructing him to provide certain documents to bring the case into proper form (doc. 8). The order rejected the plaintiff's submitted complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure as well as the Local Civil Rules (*id.* at 1). The order warned the plaintiff that failure to submit the necessary documents in the time provided in the order may result in

dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 1). The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the Court may lead to dismissal of the case (*id*. at 3).

The plaintiff did not respond to the order, so on September 1, 2026, the undersigned issued a second order informing the plaintiff that this case was not in proper form for service and instructing him to provide certain documents to bring the case into proper form, including a proper complaint (doc. 11). The order warned the plaintiff for a second time that failure to submit the necessary documents in the time provided in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 1). The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the Court may lead to dismissal of the case (*id*. at 3). The plaintiff did not respond to the order. As such, this case is not in proper form for service at this time.

**<u>APPLICABLE LAW & ANALYSIS</u>**

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the

Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendants caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, despite multiple opportunities, the plaintiff has failed to bring this case into proper form. For example, despite being provided instructions on how to complete a proposed summons and Forms USM 285 to allow the United States Marshals Service to

effectuate service on the defendants (if authorized), the plaintiff ignored those instructions and did not submit properly completed service documents for the defendants. The plaintiff also failed to provide documents relating to his request to proceed *in forma pauperis*, answers to the Rule 26.01 Interrogatories, or a complaint that complied with the Federal Rules of Civil Procedure. In doing so, the plaintiff failed to comply with the court's orders of August 3 and September 1, 2026 (docs. 8; 11). The written orders warned the plaintiff of the consequences of failing to comply with the orders' instructions, including the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) (docs. 8 at 1; 11 at 1). The plaintiff was also instructed in the orders to keep his address updated with the court (*see* docs. 8 at 3; 11 at 3). As such, despite a warning that this case may be dismissed for failing to comply with a court order, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's orders and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with an order of the court.

## RECOMMENDATION

As noted above, the plaintiff has failed to bring this case into proper form. Therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and

appealable"). It is further recommended that the plaintiff's motion for a TRO and preliminary injunction (doc.4) be **found as moot**. **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

September 21, 2026
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).