IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Alan Love,<br><br>Plaintiff,<br><br>v.<br><br>Town of Jamestown, Lee D. Zakis, April M. Zakis, Roy P. Pipkin, Jennifer L. Flowers, Bryan Dupree, Berkeley County, Horry County,<br><br>Defendants. | Civil Action No. 2:26-cv-2492-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Robert Alan Love's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983, as well as his motion for temporary restraining order ("TRO") and preliminary injunction. (ECF Nos. 1, 4.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 7, 2026, the Magistrate Judge issued an order informing Plaintiff that his motion for TRO and preliminary restraining order would be reviewed once Plaintiff filed a proper complaint. (ECF No. 6.) On August 3, 2026, the Magistrate Judge also issued an order notifying Plaintiff that his complaint was not in proper form and instructing him to provide certain documents to bring the case into proper form. (ECF No. 8.) Plaintiff did not file a response to the Magistrate Judge's order, so on September 1, 2026, the Magistrate Judge issued a second order, again informing Plaintiff that his case was not in proper form for service and warning Plaintiff that his failure to respond to the Court's orders may result in the dismissal of this action for failure to prosecute. (ECF No. 11.) Plaintiff again failed to respond.

Accordingly, on September 21, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 19.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the**

**Magistrate Judge's Report (ECF No. 19), and the Court dismisses this action without prejudice, without further leave to amend, and without issuance and service of process in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The Court also denies as moot Plaintiff's motion for TRO and preliminary injunction (ECF No. 4).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 15, 2026
Charleston, South Carolina